COPY

1 | MICHAEL M. POLLAK (SBN 090327)
POLLAK, VIDA & FISHER
2 | Attorneys at Law
11150 West Olympic Boulevard, Suite 980
3 | Los Angeles, California 90064-1839
Telephone (310) 551-3400
4 | Facsimile (310) 551-1036

5 | Attorneys for Defendant Allstate Insurance Company

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF THE STATE OF CALIFORNIA**

10

11 | LARRY AGUILAR,                    ED CV 09 NO. - 00715

12 |               Plaintiff,          ) Action Filed: October 17, 2008  SGL

13 |        vs.                        ) **NOTICE OF REMOVAL OF**

14 | ALLSTATE INSURANCE COMPANY;       ) **ACTION UNDER 28 U.S.C. § 1441(b)**
MICHAEL ALTMAN; and DOES ONE through ) **(DIVERSITY)**

15 | FIFTY, inclusive,                 )

16 |               Defendants.         )

17

18 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19

20 | PLEASE TAKE NOTICE that defendant Allstate Insurance Company

21 | ("Allstate") hereby removes to this court the state court action below:

22

23 | On October 17, 2008, an action was commenced in the Superior Court of the

24 | State of California in and for the County of San Bernardino entitled *Larry Aguilar*

25 | *v. Allstate Insurance Company et al.*, as Case No. CIVSS 814531. A copy of the

26 | summons and complaint is attached hereto as an exhibit and incorporated by

27 | reference herein. Allstate was served with a copy of the complaint on March 11,

28 | 2009.

LAW OFFICES OF
POLLAK, VIDA
& FISHER

*NOTICE OF REMOVAL OF ACTION*

1  This action is a civil action of which this court has original jurisdiction under

2  28 U.S.C. § 1332, and is one which may be removed to this court by defendant

3  Allstate pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action

4  between citizens of different states and the matter in controversy exceeds the sum of

5  $75,000 exclusive of costs.  This is a complaint for negligence and negligent

6  misrepresentation against Allstate and co-defendant Michael Altman, an Allstate

7  Insurance agent.  Plaintiff obtained insurance, including an Allstate automobile

8  insurance policy and an Allstate personal umbrella policy.  Plaintiff alleges that

9  Altman misrepresented to him that the personal umbrella policy included

10  uninsured/underinsured motorist coverage policy limits of $4,000,000, when in fact

11  the policy did not afford such coverage.  According to the complaint, plaintiff was

12  involved in an automobile accident with an underinsured motorist, and he sustained

13  in excess of $4,000,000 in damages, including past and future medical bills and loss

14  of earnings.  In this action, plaintiff seeks to recover $4,000,000.00 plus legal

15  interest against Allstate and Altman.

16

17  Defendant Allstate is informed and believes that the plaintiff, Larry Aguilar,

18  was, at the filing of this action, and is a citizen of the State of California.  Defendant

19  Allstate was, at the time of this action, and still is, a citizen of the State of Illinois,

20  being a corporation incorporated under the laws of the State of Illinois, and having

21  its principal place of business in that state.  Allstate is informed and believes that

22  Michael Altman, is a resident of the State of California.

23

24  Despite both plaintiff and Altman being residents of California, there is still

25  diversity jurisdiction in this action pursuant to 28 U.S.C. § 1441(b).  This is because

26  Altman is a fraudulently joined defendant here. (See *Charlin v. Allstate Insurance*

27  *Co.*, 19 F.Supp.2d 1137 (C.D. Calif. 1998).)  Just as in *Charlin v. Allstate Insurance*

28  *Company*, here, plaintiff has failed to state a cause of action against Altman, the

1  California resident, and as such, he is a sham defendant and his existence as a
2  defendant in this action does not defeat diversity jurisdiction.

3

4      In *Charlin v. Allstate Insurance Co.*, the plaintiff sued Allstate and its
5  insurance agent, alleging that the agent failed to advise her of the benefits of
6  obtaining uninsured motorist coverage and failed to obtain a waiver of this
7  insurance coverage from her. The court found that the agent was a sham defendant
8  because a colorable claim could not be made against him in the action for three
9  reasons: that the Allstate agent did not serve as the plaintiff's agent because
10 plaintiff only alleged that Allstate and the agent were one another's agents and not
11 her agent; that the Allstate agent did not owe a duty to procure complete liability
12 protection in an absence of an agreement to do so; and that principles of agency law
13 mandate that Allstate – not the individual agent – be liable for the agents failure to
14 procure insurance benefits from the client if the agent was working in the course
15 and scope of his employment with Allstate.

16

17     Here, plaintiff's allegations mirror those of the plaintiff in *Charlin v. Allstate*.
18 Here, plaintiff also alleges that Allstate and Altman were each other's employers
19 and/or agents, but does not allege that Altman was his agent. He also alleges that
20 Altman failed to procure insurance that plaintiff sought to obtain. (See Complaint,
21 para. 2, 9-10.) Plaintiff further alleges that Allstate was Altman's employer, and
22 that because Altman was working in the course and scope of his employment when
23 he failed to procure the requested insurance, Allstate is vicariously liable for his
24 acts. (Complaint, para. 5, 9-10.) Thus, in this action, if plaintiff is able to establish
25 that Altman failed to provide him with the insurance that he requested, Allstate
26 would ultimately be liable for Altman's omission. Just as in *Charlin v. Allstate*,
27 because plaintiff cannot establish that Altman was his agent and because if Altman
28 is liable, Allstate will be vicariously liable under principles of agency law, Altman

1  is a sham defendant who has been fraudulently joined in this lawsuit.  As such,

2  despite both plaintiff and Altman being residents of California, diversity

3  jurisdiction exists here.

4

5      Co-defendant Michael Altman was served with the complaint in this action

6  on April 13, 2009.  Counsel for Allstate has had multiple conversations with Mr.

7  Altman's representatives concerning Allstate's intention to remove this action to

8  federal court and questioning whether Altman would join in a removal.  It is

9  Allstate's counsel's understanding that Mr. Altman has not yet served a responsive

10  pleading and are currently considering whether to join in this removal.

11

12  DATED:  April 9, 2009             POLLAK, VIDA & FISHER
   MICHAEL M. POLLAK

13

14

15                                       By: For Michael M. Pollak

16                                       Attorneys for Defendant Allstate Insurance Company

17  G:\WPDOCS\5331\5331.455\p\FED-2009\NtcRemoval-alb-040809.wpd

18

19

20

21

22

23

24

25

26

27

28

3-11-09   1:45 pm   5331 p 455

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MICHAEL ALTMAN, ALLSTATE INSURANCE COMPANY; and DOES
ONE through FIFTY, inclusive

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT 17 2008

By _Sandra Ortega_
                    Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LARRY AGUILAR

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

CASE NUMBER:
*(Número del Caso):*
CIVSS 814531

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SAN BERNARDINO SUPERIOR COURT
303 WEST THIRD STREET

SAN BERNARDINO, CA 92415
CENTRAL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carl Arias, SBN 205068                    909-890-0125      909-890-0185
Arias & Lockwood
225 West HOspitality Lane, Ste 314
San Bernardino, CA 92408

DATE: OCT 17 2008        Clerk, by _SANDRA ORTEGA_, Deputy
*(Fecha)*                *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):*    *Allstate Insurance Company*

[SEAL]

COPY

under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [X] by personal delivery on *(date):* 3-11-09

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**
EXHIBIT

Legal
Solutions
@ Plus

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

5

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Carl Arias, SBN 205068<br>Arias & Lockwood<br>225 West HOspitality Lane, Ste. 314<br><br>San Bernardino, CA 92408<br>TELEPHONE NO.: 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    FAX NO.: 909-890-0185<br>ATTORNEY FOR *(Name):* Plaintiffs | *FOR COURT USE ONLY*<br><br>F I L E D<br>SUPERIOR COURT<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>OCT 1 7 2008<br><br>By _____<br>Dudie Ortega         Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 303 WEST THIRD STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN BERNARDINO, CA 92415
BRANCH NAME: CENTRAL

CASE NAME: LARRY AGUILAR V. MICHAEL ALTMAN, ALLSTATE INSURANCE, ET. AL.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CIVSS 8 1 4 5 3 1<br>JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[x] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* two
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: October 17, 2008
Carl Arias, SBN 205068                              ► _____
_____                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)
(TYPE OR PRINT NAME)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

6

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                    **CM-010**

To Plaintiffs and Others Filing First Papers.  If you are filing a first paper (for example, a complaint) in a civil case, you must
complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile
statistics about the types and numbers of cases filed.  You must complete items 1 through 6 on the sheet.  In item 1, you must check
one box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1,
check the more specific one.  If the case has multiple causes of action, check the box that best indicates the primary cause of action.
To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover
sheet must be filed only with your initial paper.  Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its
counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases.  A "collections case" under rule 3.740 is defined as an action for recovery of money owed
in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which
property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort
damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.
The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service
requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject
to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases.  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the
case is complex.  If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by
completing the appropriate boxes in items 1 and 2.  If a plaintiff designates a case as complex, the cover sheet must be served with the
complaint on all parties to the action.  A defendant may file and serve no later than the time of its first appearance a joinder in the
plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that
the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

LARRY AGUILAR

Case No.: CIVSS 814531

vs.

CERTIFICATE OF ASSIGNMENT

MICHAEL ALTMAN, ALLSTATE INSURANCE
COMPANY, ET. AL.

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the Central District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General          [ ] Collection
**Nature of Action**          **Ground**

| | | Nature of Action | Ground |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [ ] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [ ] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] | 20 | Other | Fraud - Negligent Misrepresentation |
| [ ] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

Defendant Allstate Ins. Co.'s place of business , 1911 Commercenter East, Ste 41
(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)                                    ADDRESS

San Bernardino, CA 92408
(CITY)                          (STATE)                          (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

October 17, 2008                    at San Bernardino,                    Califor

Signature of Attorney/Party
Carl Arias, SBN 205068

8
SB-165

Joseph Arias, SBN: 47399
Carl Arias, SBN: 205068
Arias & Lockwood
225 W. Hospitality Lane, Ste. 225
San Bernardino, CA 92408
Tel.: (909) 890-0125
Fax: (909) 890-0185

Attorneys for Plaintiff Larry Aguilar

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| LARRY AGUILAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALLSTATE INSURANCE COMPANY;<br>MICHAEL ALTMAN; and DOES ONE<br>through FIFTY, inclusive,<br><br>　　　　Defendants. | ) CASE NO.: CIVSS 814531<br>)<br>) **FIRST AMENDED COMPLAINT FOR<br>) DAMAGES**<br>)<br>)<br>) **1. Negligent Misrepresentation**<br>)<br>) **2. Negligence**<br>)<br>)<br>) |

Plaintiff LARRY AGUILAR (hereinafter referred to as "Plaintiff") alleges as

follows:

### PARTIES

1. The true names and capacities, whether individual, corporate, associate or

otherwise of DOES ONE through FIFTY, inclusive, are unknown to Plaintiff, who

therefore sues defendants by such fictitious names. Plaintiff is informed and believes,

and based upon such information and belief alleges, that each fictitiously named

defendant is responsible in some manner, either intentionally, negligently, in strict

1                    First Amended Complaint

1  liability, or otherwise, for the events herein alleged, and caused damages proximately to

2  Plaintiff. Plaintiff will amend his complaint to assert the true names and capacities of the

3  fictitiously named defendants when ascertained.

4      2. At all times mentioned herein, each defendant was the agent and employee of

5  each of the remaining defendants and was at all times acting within the course and scope

6  of such agency and employment, and/or the defendants were acting in concert with each

7  remaining defendant, pursuing a joint enterprise, and authorized or subsequently ratified

8  the conduct of each remaining defendant. The defendants, and each of them, were

9  engaged in a joint venture in the sale of insurance policies.

10      3. At all times herein mentioned defendant MICHAEL ALTMAN (hereinafter

11  referred to as "Defendant Agent") was, and is, an insurance agent licensed under the laws

12  of the State of California and engaged in the business of selling and/or placing insurance

13  policies in San Bernardino County, California.

14      4. At all times herein mentioned defendant ALLSTATE INSURANCE

15  COMPANY (hereinafter referred to as "Allstate") was, and is, a corporation organized

16  and existing under the laws of the State of Illinois and authorized to transact, and

17  transacting business in the State of California as an insurance company. Allstate transacts

18  business throughout San Bernardino County, California and within the Central District.

19      5. Plaintiff is informed and believes, and thereon alleges, that Allstate and DOES

20  1 through 10 were the employers and principals of their employee and agent, Defendant

21  Agent, who was acting within the scope of his employment and agency at all times

22  mentioned herein. Allstate and DOES 1 through 10 are therefore vicariously liable for

23  Defendant Agent's actions.

24      6. Plaintiff at all times mentioned herein is an individual residing in Yorba Linda,

25  Orange County, California.

26

27

28

First Amended Complaint

10

## FIRST CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION

For a first and distinct cause of action against defendants, and each of them, Plaintiff alleges as follows:

7. Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1 through 6 as though set forth here at length.

8. In 2005, and prior thereto, Plaintiff and his wife, Yvonne Aguilar, wanted to be protected against the possibility they might suffer a catastrophic injury at the hands of an uninsured or underinsured motorist. Accordingly, they consulted Defendant Agent in or about June 2005. Plaintiff and his wife were uninformed about insurance matters and they so informed Defendant Agent. At all relevant times, Defendant Agent was aware that Plaintiff and his wife were completely ignorant of and unfamiliar with insurance matters. Plaintiff and his wife therefore relied upon the advice provided by Defendant Agent who represented to them he was experienced and knowledgeable in insurance matters. As a consequence, a special relationship existed between Plaintiff and Defendant Agent. Plaintiff and his wife informed Defendant Agent of their insurance needs.

9. Since approximately 2000, Plaintiff and his wife had homeowner's and automobile liability insurance policies in effect which were issued by Allstate. At the time of the meeting with Defendant Agent, Plaintiff had an automobile liability insurance policy in effect which was issued by Allstate, *viz.*, Policy No. 9 14 482463 09/23 (hereafter, "Policy No. One") Policy No. One had uninsured/underinsured motorist coverage as defined by California law with a policy limit of $250,000 per person and $500,000 per accident. At the time of the meeting, Defendant Agent was fully aware of the existence of Policy No. One and its uninsured/underinsured motorist coverage.

10. In order to achieve Plaintiff's objective of obtaining adequate protection against a catastrophic injury at the hands of an uninsured or underinsured motorist, Defendant Agent sold him another insurance policy, No. 9 14 490814 09/29 (hereafter,

3

First Amended Complaint

\\

1   "Policy No. Two") which has a policy limit of $4,000,000 (four million dollars).

2   Defendant Agent represented to Plaintiff that Policy No. Two would afford Plaintiff

3   uninsured/underinsured motorist coverage up to and including its limit of $4,000,000.

4   Plaintiff understood, on the basis of Defendant Agent's representations, that Policy No.

5   Two's coverage would pick up at the limit of the underlying uninsured/underinsured

6   motorist coverage of Policy No. One, *viz.*, $250,000/$500,000 and provide additional

7   coverage up to and including $4,000,000.

8         11.  Defendant Agent represented to Plaintiff and his wife that he had expertise

9   and special knowledge of the coverages, benefits, requirements, and provisions of Policy

10  No. Two.  Defendant Agent intended that Plaintiff rely, and Plaintiff did rely, on

11  Defendant Agent's expertise and advice in connection with Policy No. Two.  Because of

12  the special relationship that existed between Defendant Agent and Plaintiff, Defendant

13  Agent had a duty to not misrepresent the scope of Policy No. Two's insurance coverage to

    which he was attempting to sell to Plaintiff.

14        12.  Plaintiff purchased Policy No. Two in reasonable reliance on the

15  representations made to him by Defendant Agent regarding the scope of its coverage.

16  The policy period of Policy No. Two was for one year beginning September 29, 2005 and

17  Plaintiff paid a premium of $744.  Prior to the expiration of Policy No. Two, Plaintiff

18  renewed it for another term.  The new policy period began on September 29, 2006 and

19  ended on September 29, 2008.

20        13.  Defendant Agent made the aforementioned misrepresentations with the intent

21  that Plaintiff rely on them and Plaintiff did justifiably rely on them in that he did not seek

22  or obtain such coverage elsewhere.  Had he attempted to do so, Plaintiff would have been

23  able to purchase an insurance policy that raised his uninsured/underinsured motorist

24  coverage to the higher limit of Policy No. Two, *viz.*, $4,000,000 because such policies

25  were available through other insurance companies, insurance agents, and insurance

26  brokers in California.

27

28                                        4                          First Amended Complaint

14. When Defendant Agent made the statement described above regarding the scope of coverage of Policy No. Two, he did not have reasonable basis for believing the representation to be true. In fact, Defendant Agent's representation to Plaintiff regarding the scope of Policy No. Two's coverage was incorrect and false.

15. On October 19, 2006, at or about 3:00 p.m., Plaintiff was standing in front of his residence located at 28216 North Bay Road in Lake Arrowhead, California. At the same time, Daniel Bublitz (hereinafter referred to as "Bublitz") was negligently operating a Chevrolet Silverado Truck at an unsafe and unreasonable speed in a westerly direction on North Bay Road. Bublitz failed to maintain control of his truck, which veered off the road and struck Plaintiff as he lawfully stood outside his residence. Bublitz' negligence was the proximate and legal cause of Plaintiff's damages as described herein.

16. As a result of the automobile accident described above, Plaintiff suffered serious and permanent personal injuries and emotional distress. His right leg was amputated and the bones in his left leg were shattered. Plaintiff's injuries have required treatment by doctors, hospitals and related health care professionals, causing him to incur medical bills of over $150,000, and Plaintiff will continue to incur medical bills for the remainder of his life. Furthermore, Plaintiff has suffered, and will suffer permanent, severe and excruciating physical pain and anguish. Plaintiff's general and special damages exceed $4,000,000 (four million dollars).

17. As a further result of the automobile accident described above, Plaintiff sustained loss of earnings and other economic losses. Plaintiff will sustain future loss of earnings and economic losses, and will experience impaired earning capacity in an amount currently undetermined.

18. Plaintiff duly notified Defendant Agent and Allstate of the automobile accident caused by Bublitz immediately after it occurred.

19. At the time of the automobile accident described above, Bublitz was covered through an automobile liability insurance policy in effect issued by Unitrin Direct

5                                    First Amended Complaint

1  Insurance Company, Policy No. 1153951, with a policy limit of $100,000 per person and

2  $300,000 per accident. On or about December 1, 2006, Plaintiff filed a lawsuit against

3  Bublitz for the damages and injuries described above in San Bernardino Superior Court,

4  Case No. SCVSS144548. On or about July 1, 2008, Plaintiff settled his lawsuit against

5  Bublitz for the policy limit of $100,000. This amount ($100,000) was wholly inadequate

6  to fairly compensate Plaintiff for his injuries and damages.

7      20.  Thereafter, Plaintiff duly notified Allstate of his settlement with Bublitz as

8  described above. Plaintiff demanded from Allstate the limit of his underinsured motorist

9  coverage provided through Policy No. Two of $4,000,000 as represented to him by

10  Defendant Agent in June of 2005.

11      21.  On September 25, 2008, Allstate denied Plaintiff's claim for $4,000,000 and

12  instead offered Plaintiff only $150,000.

13      22.  As a proximate result of Defendant Agent's negligent misrepresentation to

14  Plaintiff, he failed to seek and obtain coverage elsewhere. As a proximate result of

15  Defendant Agent's negligent misrepresentation as described above, Plaintiff has been

16  harmed and damaged in the amount of $4,000,000. Plaintiff's reliance on Defendant

17  Agent's misrepresentation was a substantial factor in causing his harm and damage.

## SECOND CAUSE OF ACTION FOR NEGLIGENCE

18      For a second and distinct cause of action against defendants, and each of them,

19  Plaintiff alleges as follows:

20      23.  Plaintiff repeats and re-alleges each allegation contained in Paragraphs 1

21  through 22 as though set forth here at length.

22      24.  At the time of Defendant Agent's meeting with Plaintiff and his wife in June

23  2005 as described above, Defendant Agent had a duty of care to ensure he gave truthful

24  and accurate information to Plaintiff regarding the scope of coverage of Policy No. Two.

25      25.  Defendant Agent breached his duty of care to Plaintiff and was negligent in

26

27

28

6                          First Amended Complaint

14

that the information he gave to Plaintiff regarding the scope of coverage of Policy No. Two was false.

26.  Plaintiff was damaged in the amount of $4,000,000 (four million dollars) as a result of receiving false information from Defendant Agent regarding the scope of coverage of Policy No. Two.

27.  Defendant Agent's conduct in conveying false information to Plaintiff regarding the scope of coverage of Policy No. Two was the proximate and legal cause of Plaintiff's harm and damages as described above.

Plaintiff therefore prays for judgment against defendants, and each of them, as follows:

1.  For the sum of $4,000,000 (four million dollars) with interest thereon at the legal rate from and after September 25, 2008;

2.  For costs of suit herein incurred; and

3.  For such other and further relief as the Court may deem proper.


DATED:  March 10, 2009                    **ARIAS & LOCKWOOD**


                                          By: _____
                                                Carl Arias
                                          Attorneys for Plaintiff Larry Aguilar


First Amended Complaint

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen G. Larson and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

## EDCV09- 715 SGL (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [X] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**COPY**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| LARRY AGUILAR | ALLSTATE INSURANCE COMPANY; MICHAEL ALTMAN; and DOES ONE through FIFTY, inclusive, |

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): **Orange County**

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): **State of Illinois**

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Carl Arias (SBN 205068)
Arias & Lockwood
225 West Hospitality Lane, Ste. 314
San Bernardino, CA 92408

909/890-0125

Attorneys (If Known)

MICHAEL M. POLLAK (SBN 90327)
POLLAK, VIDA & FISHER
11150 W. OLYMPIC BOULEVARD, SUITE 980
LOS ANGELES, CA 90064

310/551.3400

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ MONEY DEMANDED IN COMPLAINT: $ **4 million**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1441(b) (Diversity)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litig. |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determina- tion Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**VIII(a).** IDENTICAL CASES: Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**ED CV 09 - 00715**

FOR OFFICE USE ONLY:    Case Number: _____

SGL PLAx

| CV-71 (07/05) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

CCD-JS44

APR 10 2009

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case?   [x] No   [ ] Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above

in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

[ ]  Check here if the U.S. government, its agencies or employees is a named plaintiff.

Plaintiff Larry Aguilar is a resident of Orange County

List the California County, or State if other than California, in which **EACH** named defendant resides.   (Use an additional sheet if necessary).

[ ]  Check here if the U.S. government, its agencies or employees is a named defendant.

Defendant Allstate Insurance Company is a resident of the state of Illinois
Defendant Michael Altman is a resident of San Bernardino County

List the California County, or State if other than California, in which **EACH** claim arose.   (Use an additional sheet if necessary)

Note: In land condemnation cases, use the location of the tract of land involved.

San Bernardino County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Michael M. Pollak_    Date _4/9/09_

Michael M. Pollak

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM
Authority for Civil Cover Sheet

The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a)   PLAINTIFFS - DEFENDANTS. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official giving both name and title.

(b)   County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section ("see attachment"). Refer to Local Rules 83-2.7 and 41-6 for further information regarding change of attorney name, address, firm association, phone number, fax number or e-mail address, and dismissal of action for failure of pro se plaintiff to keep Court apprised of current address.

II.   JURISDICTION. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States Plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States Defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal Question. (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code take precedence and box 1 or 2 should be marked.

Diversity of Citizenship. (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When box 4 is checked, the citizenship of the different parties must be checked. (See Section III below) (Federal question actions take precedence over diversity cases.)

III.   RESIDENCE (CITIZENSHIP) OF PRINCIPAL PARTIES. This section of the CV-71 (JS-44) is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   ORIGIN. Place an "X" in one of the seven boxes:

(1) Original Proceedings. Cases which originate in the United States District Courts.
(2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.
(3) Remanded from Appellate court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
(4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
(5) Transferred from Another District. For cases transferred under Title 28 U.S.C. Section 1404(a). DO NOT use this for within-district transfers or multidistrict litigation transfers. When this box is checked, DO NOT check (6) below.
(6) Multidistrict Litigation. Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, DO NOT check (5) above.
(7) Appeal to District Judge from Magistrate Judge Judgment. Check this box for an appeal from a magistrate judge's decision.

V.   REQUESTED IN COMPLAINT.
Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VI.   CAUSE OF ACTION. Report the civil statute directly related to the cause of action and give a brief description of the cause of action. Do not cite jurisdictional statues unless diversity.          Example: U.S. Civil Statute: 47 USC 553
                                                           Brief Description: Unauthorized reception of cable service

VII.   NATURE OF SUIT. Place an "X" in the appropriate box. MARK ONE BOX ONLY. If the cause of action fits more than one nature of suit, select the one that best describes your cause of action.

VIII(a)   IDENTICAL CASES. Indicate if an identical action has previously been filed and dismissed, remanded or closed. Insert the docket number and judge's name, if applicable.

VIII(b)   RELATED CASES. This section of the CV-71 (JS-44) is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge's name for each case. Check all boxes that apply.

IX.   VENUE. This section of the CV-71 (JS-44) is used to identify the correct division in which the case will be filed. Please remember to indicate the residence of EACH plaintiff and defendant and the county or state in which each claim arose.

If the United States government or an agency thereof is a plaintiff or defendant, place an "X" in the appropriate box. Indicate the residence of other parties, if any.

In each category: for each party and claim, indicate the county, if in California. If other than California, you need only to list the state or country.

X.   Attorney or party appearing pro per must sign and date this form.